UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KEVIN L. GREENE,

        Plaintiff,

v.                                   Case No. 3:22-cv-799-BJD-PDB

RICKY D. DIXON, et al.,

        Defendants.
_____

**ORDER**

**I.     Status**

Plaintiff, Kevin L. Greene, an inmate of the Florida penal system, is proceeding through counsel but *in forma pauperis* (Doc. 8). Finding Plaintiff failed to state a plausible claim for relief, the Court dismissed his original complaint (Doc. 1) without prejudice subject to his right to amend. *See* Order (Doc. 10). Through counsel, Plaintiff filed an amended complaint (Doc. 11; Am. Compl.), which is before the Court for screening.

**II.    Standard of Review**

The Prison Litigation Reform Act (PLRA) requires a district court to dismiss a prisoner complaint if it is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1). Since the PLRA's "failure-to-state-a-claim" language mirrors the language of Rule

12(b)(6) of the Federal Rules of Civil Procedure, courts apply the same standard. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). *See also Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not suffice. *Id.* (quoting *Twombly*, 550 U.S. at 555). Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001) (quoting *In re Plywood Antitrust Litig.*, 655 F.2d 627, 641 (5th Cir. Unit A Sept. 8, 1981)). In reviewing a complaint, a court must accept the plaintiff's allegations as true, liberally construing those by a plaintiff proceeding *pro se*, but need not accept as true legal conclusions. *Iqbal*, 556 U.S. at 678.

### III. Analysis

Plaintiff's amended complaint is nearly identical to the first, the allegations of which are fully summarized in the Court's prior order. *See* Order (Doc. 10). As he did before, Plaintiff alleges Defendants—Ricky Dixon,

Secretary of the Florida Department of Corrections (FDOC); Centurion of Florida, LLC; and Kathryn Leveen, APRN—were deliberately indifferent to a skin condition (a rash or infection), which was diagnosed as something different at least seven times. *See* Am. Compl. ¶¶ 15-17, 55, 57. The primary changes Plaintiff made in amending his complaint are mainly structural: a slightly revised "introduction" section and some changes in syntax. *See generally id.* Substantively, Plaintiff appears to add a claim related to another medical condition: glaucoma. He now alleges he did not receive proper treatment for his glaucoma, resulting in 70% loss of vision in his right eye. *Id.* ¶¶ 54, 56.

In his amended complaint, Plaintiff's factual allegations against the only named medical provider, Nurse Leveen, remain the same as in his original pleading. As before, Plaintiff alleges he developed a skin infection or rash in July 2021, when he was housed at Desoto Correctional Institution (Desoto CI). *Id.* ¶ 19. He first treated with Nurse Leveen in October 2021, shortly after he was transferred to RMC for an eye appointment. *Id.* ¶¶ 22-24. For the skin condition, Nurse Leveen prescribed medications, and, when those proved ineffective, ordered a biopsy. *Id.* ¶¶ 24, 26. In December 2021, Plaintiff was returned to Desoto CI, where he treated with medical providers who are not named Defendants in this action. *Id.* ¶¶ 28-34.

It is unclear when Plaintiff was transferred back to RMC, but he alleges Nurse Leveen sent photos of his skin to a dermatologist and diagnosed him with Scabies on about January 12, 2022. *Id.* ¶ 35. Plaintiff contends that, contrary to protocol, he "was not given a hazardous material bag in which to place [his] infected bedding, uniform, or personal clothing." *Id.* On January 17, 2022, Nurse Leveen changed Plaintiff's antihistamine prescription, but the new medication did not help. *Id.* ¶ 37. Plaintiff further alleges he did not immediately receive the Scabies medication Nurse Leveen prescribed, and she "failed to rewrite [a] prescription" initially prescribed by a nurse at Desoto CI. *Id.* ¶¶ 38-39. Plaintiff also faults Nurse Leveen for twice prescribing a medication that is contraindicated for patients with glaucoma, Betamethasone Dipropionate. *Id.* ¶¶ 24, 42-43.

In February, Nurse Leveen allegedly diagnosed Plaintiff with Neurodermatitis and told Plaintiff that if the medications she prescribed to treat that condition did not help, she would refer him to a dermatologist. *Id.* ¶ 46. Plaintiff alleges that, as of March 19, 2022, he still had not received the medications Nurse Leveen prescribed in February, and, as of April 26, 2022, he had not been referred to a dermatologist. *Id.* ¶¶ 48, 52.

As in his original complaint, Plaintiff asserts claims for deliberate indifference to serious medical needs under 42 U.S.C. § 1983 and 42 U.S.C. §

1988[1] (counts one and two), *id.* ¶¶ 57-58, and intentional or negligent infliction of emotional distress (count three), *id.* ¶ 59. Also as in the original complaint, Plaintiff seeks damages and injunctive relief, but in the amended complaint, the injunctive relief he seeks extends to treatment for his glaucoma as well as his skin condition. *Id.* ¶ 61.

For the same reasons the original complaint was dismissed, Plaintiff's amended complaint is due to be dismissed. *See* Order (Doc. 10) at 4-6, 9-11 (setting forth the deliberate indifference standard and explaining why Plaintiff's allegations did not satisfy that stringent standard). Plaintiff, who is represented by counsel and has been afforded an opportunity to amend his complaint, still fails to state a plausible deliberate indifference claim against Nurse Leveen and, by extension, the other Defendants. His allegations, accepted as true, do not permit the reasonable inference Nurse Leveen violated his Eighth Amendment rights. Rather, they suggest at most negligence (failing to submit prescriptions, misdiagnosing Plaintiff's condition, prescribing a potentially harmful medication, or failing to give Plaintiff a "hazardous material bag") or a disagreement with medical treatment (determining

---

[1] As the Court previously noted, *see* Order (Doc. 10), § 1988 is purely procedural; "[it] does not create an independent cause of action for deprivation of constitutional rights." *McLaughlin v. City of LaGrange*, 662 F.2d 1385, 1388 n.1 (11th Cir. 1981).

Plaintiff did not need a referral to a dermatologist). *See Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976) ("[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment."); *Adams v. Poag*, 61 F.3d 1537, 1545 (11th Cir. 1995) ("[W]hether governmental actors should have employed additional diagnostic techniques or forms of treatment 'is a classic example of a matter for medical judgment' and therefore not an appropriate basis for grounding liability under the Eighth Amendment."); *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991) ("[A] simple difference in medical opinion between the prison's medical staff and the inmate as to the latter's diagnosis or course of treatment [does not] support a claim [for deliberate indifference].").

Plaintiff attempts to rehabilitate his claim by contending in a footnote that the treatment he received was "tantamount to no treatment at all." *See* Am. Compl. at 3 n.1. This bald assertion amounts to no "more than an unadorned, the-defendant-unlawfully-harmed-me accusation," which does not satisfy the federal pleading standard. *See Iqbal*, 556 U.S. at 678. *See also Tani v. Shelby Cnty., Ala.*, 511 F. App'x 854, 857 (11th Cir. 2013) (affirming dismissal of a complaint that alleged, as labels and conclusions, violations of

6

various constitutional rights with no supporting facts to "explain what actions caused which violations").[2]

As already noted, Plaintiff's factual allegations against Nurse Leveen have not changed from his original complaint. Plaintiff alleges Nurse Leveen evaluated him, ordered a biopsy, consulted with a dermatologist, and prescribed multiple medications, including one that allegedly is contraindicated for patients with glaucoma. Even if Nurse Leveen's diagnoses were wrong or the medications she prescribed were ineffective or potentially harmful in one instance, the treatment she rendered, as Plaintiff describes it, cannot be characterized as tantamount to no treatment at all. Nor can Nurse Leveen's treatment be described as "so grossly incompetent, inadequate, or excessive as to shock the conscience." *See Harris*, 941 F.3d at 1505. If anything, it sounds as if Nurse Leveen was persistent in attempting to diagnose and resolve a difficult skin condition. *See generally* Am. Compl.

The biggest substantive difference between Plaintiff's original complaint and his amended complaint is that Plaintiff now suggests the treatment he received for his glaucoma was inadequate. *See id.* ¶¶ 7, 9, 43-44, 54, 56. But Plaintiff does not attribute the allegedly inadequate medical care for his

---

[2] Any unpublished decisions cited in this Order are deemed persuasive authority on the relevant point of law. *See McNamara v. Gov't Emps. Ins. Co.*, 30 F.4th 1055, 1061 (11th Cir. 2022).

glaucoma to Nurse Leveen. *See generally id.* He does not even allege that he treated with Nurse Leveen for his glaucoma. *Id.* In fact, Plaintiff alleges he initially was transferred to RMC for an appointment with an optometrist. *Id.* ¶¶ 22-23. Plaintiff intimates that the 70% loss of vision in his right eye was at least partially attributable to the medication Betamethasone Dipropionate, which Nurse Leveen prescribed twice. *Id.* ¶ 7, 24, 43. He asserts, "Defendants' intentional and/or negligent prescription of medication contraindicated for persons with glaucoma coupled with their failure to timely provide Plaintiff with appropriate medical care for his glaucoma has resulted in Plaintiff losing over 70% of the vision in his right eye." *Id.* ¶ 7. Even if the medication Nurse Leveen prescribed somehow negatively affected Plaintiff's glaucoma, as discussed above and in the Court's prior order (Doc. 10), her conduct amounts to medical negligence, not deliberate indifference.[3]

The basis for Plaintiff's claim against the other two Defendants (Dixon and Centurion) is unclear. Plaintiff alleges in two paragraphs in the "introduction" section of his amended complaint that "Defendants[] . . . engage[d] in the intentional policy, practice and custom of delaying and

---

[3] Moreover, Plaintiff himself alleges he unilaterally ceased using the medication the first time it was prescribed in October 2021, because it made his skin tingly and numb, and he "discarded the medication without use" when it was prescribed again in February 2022. *See* Am. Compl. ¶¶ 24, 43.

refusing to provide Plaintiff with reasonable medical care," which amounts to deliberate indifference. *Id.* ¶¶ 8, 10. But Plaintiff includes no factual allegations to explain these assertions, nor does he specify which Defendant or Defendants were responsible for an alleged policy, practice, or custom that caused him harm. His conclusory allegations are insufficient to state a claim against Defendants Dixon and Centurion in their roles as supervisors. *See Iqbal*, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."); *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1329-30 (11th Cir. 2015) (holding the plaintiff's "policy" claims against the sheriff's office were properly dismissed because the conclusory assertions were devoid of factual enhancement).

Significantly, Plaintiff's factual allegations relate solely to the care (or lack thereof) he received for his own medical conditions. *See generally* Am. Compl. He does not allege "multiple incidents or multiple reports of prior misconduct by a particular employee" that would have put Defendants Dixon or Centurion on notice of a widespread problem. *Cf. Ingram v. Kubik*, 30 F.4th 1241, 1254-56 (11th Cir. 2022) (holding the plaintiff stated a plausible claim against the sheriff because the plaintiff referenced at least six other instances in which excessive-force incidents were not investigated, potentially signaling to officers they "could act with impunity"); *see Christmas v. Harris Cnty., Ga.*,

9

51 F. 4th 1348, 1355 (11th Cir. 2022) (reasoning that two isolated occurrences of misconduct by an officer did not demonstrate the officer had "engaged in a history of widespread abuse such that [the sheriff would have] been on notice of the need to take corrective action").

To the extent Plaintiff's claim against Defendants Dixon and Centurion is based on the premise that Nurse Leveen or other medical providers did not properly treat his medical conditions, his claim fails because "supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003), *abrogated in part on other grounds by Randall v. Scott*, 610 F.3d 701 (11th Cir. 2010). *See also Christmas*, 51 F. 4th at 1355. In other words, § 1983 liability must be based on something more than "the mere fact that [a supervisor or municipality] employed [an] offending official." *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 810 (1985).

Finding Plaintiff has failed to state a plausible claim under § 1983, the Court declines to exercise supplemental jurisdiction over his state-law claim for intentional or negligent infliction of emotional distress. *See* 28 U.S.C. § 1367(c)(3). *See also Baggett v. First Nat'l Bank of Gainesville*, 117 F.3d 1342, 1353 (11th Cir. 1997) ("State courts, not federal courts, should be the final arbiters of state law."). Upon due consideration, and after having afforded

Plaintiff an opportunity to amend, the Court finds this case is due to be dismissed without prejudice.

Accordingly, it is

**ORDERED:**

1. This case is **DISMISSED without prejudice**.

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 15th day of November 2022.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6
c:   Counsel of Record